ROBERT R. LAYTON, et al. vs. JOHN T. JACOBS, executor of PHILIP RICHARDS, deceased.

*Register of Wills—Petition for Review—Certified to Superior Court —Disqualification of the Register to Hear Petition—Related to one of Petitioners — Record Remanded.*

1. When proceedings are taken, either on a caveat or for a review of the probate of a will, the parties must all be in Court, either by citation or voluntarily.

2. A Register of Wills who is related by affinity within the fourth degree to one of the petitioners for the review of the probate of a will, is, by reason of such interest or relationship, disqualified to take or have cognizance of the petition for such review. The record and issue certified to the Superior Court will, upon such relationship being shown, be remanded to the Register.

*(April 8, 1904.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*R. C. White, J. M. Richardson, C. W. Whiley, Jr., C. W. Cullen* and *J. L. Cahall* for plaintiff.

*Charles M. Curtis* and *Herbert H. Ward,* special appearance for Susan W. Davis, one of the legatees.

Superior Court, Sussex Counts, April Term, 1904.

ISSUE FROM REGISTER OF WILLS ( No. 379, April Term, 1904).

MOTION TO DISMISS PETITION FOR REVIEW.

"Susan W. Davis, one of the legatees under the will of the said Philip Richards, deceased, and one of the parties interested, by her attorney, specially appearing in this proceeding for the purpose, hereby moves the Court to vacate and dismiss the petition for review of the said will and that the Court decline to hear the issue heretofore sent to this Court by the Register of Wills, for the following reasons, among others:

1. Because no citations were issued to the said Susan W. Davis and others interested under said will or to the other heirs-at-law of the said Philip Richards, deceased, who were not parties to said petition for review.

2. Because the Register of Wills waived a hearing of said petition for review without consent of all the parties interested.

3. Because the Register of Wills sent to this Superior Court an issue respecting said will without issuing citations to the parties interested and without consent of all'the parties interested and without a hearing before the parties interested, and without affording any opportunity to the parties interested for a hearing before him.

4. Because the order made by the said Register of Wills on the 12th day of March, A. D. 1904, was in other respects informal, irregular and erroneous."

LORE, C. J.:—The counsel for the heirs state that they now represent and did represent the respective heirs-at-law, except John T. Jacobs, at the time the caveat was filed.

Mr. Jacobs is in Court by the waiving of notice as executor, and it appears to us, from statements made here by counsel in open Court, that all the parties who are interested are now in this Court virtually and have met this requirement of the statute. We, therefore, cannot grant your motion to remand the issue to the Register.

It is only fair to say that we think when proceedings are taken, either on a caveat or for a review, that at that time the parties must all be in Court, either by citation, or voluntarily—here they come in voluntarily—otherwise there would be no end to interminable reviews one after another. And it is, therefore, well enough for the parties to understand that.

(Mr. Curtis then made the following motion to remit the petition for review to the Orphans' Court).

Susan W. Davis, residuary legatee under the will of Philip Richards, deceased, and one of the parties interested, by her attorney specially appearing in this proceeding for the purpose, hereby moves the Court that the said petition for review and of record in this cause be certified and remitted by this Court to the Orphans' Court of the State of Delaware in and for Sussex county, to be there heard by the Judges thereof instead of by the said Register of Wills for the reason that there is a legal exception to the hearing of the said petition by the said Daniel J. Layton, as Register of Wills, who is interested in said cause by reason of his relation by consanguinity and affinity to some of the persons and parties interested, as appears by the affidavit herewith submitted, or that the said petition and record be certified and remitted by this Court to the said Daniel J. Layton, Register of Wills, with an order that he proceed no further respecting said petition for review but that he forthwith transmit said petition of record with a certified copy of the order of this Court to the Orphans' Court of the State of Delaware in and for Sussex county in order that the same may be there heard.

Accompanying said motion was the following affidavit of Susan W. Davis, the residuary legatee:

"That she had no notice or knowledge of the filing of said petition for review or the order made thereon by the Register of Wills prior to the making of said order and the sending of said issue to the said Superior Court and that she did not attend before the Register of Wills at any time while said petition was pending before him.

That only a part of the persons interested have joined in said petition for review, there being other persons who are heirs-at-law of the said Philip Richards, deceased, who did not join in said petition for review.

That the said Daniel J. Layton, Register of Wills in and for Sussex County aforesaid, with whom said petition for review was

filed and by whom the said order was made, is interested in said cause, being the great uncle of Rachel Layton, the wife of Robert Reese Layton, one of the petitioners for review, and by reason of said relationship is interested in said cause and therefore disqualified to hear the said petition for review or make any order respecting the same."

### DEFENDANT'S BRIEF.

A Judge who is related in any degree by blood or affinity to a party of record is disqualified to hear the cause.

*Bayard vs. McLane, 3 Harr., 139; Moses vs. Julian, 45 N. H., 52.*

In *Bayard vs. McLane*, there was an appeal from the Chancellor to the Court of Errors and Appeals and in this latter Court the Judges were R. H. Bayard, C. J., and Judges Harrington, Layton and Milligan. The Chief Justice was a party and Judge Milligan was the brother-in-law or uncle of another party. The Court was asked to certify to the Governor for appointment of a Judge ad litem and it was so ordered.

Judge Harrington said:

"The common law seems to have been very jealous on this subject and anxious to exclude the judge in any case where there was any degree of interest or relationship calculated to bias his judgment.

"It would be difficult and improper at present to lay down any general rule on the subject. The books do not announce any such rule; but those of high authority indirectly apply to it the same reasons that would operate as an objection to an arbitrator *or constitute a ground of challenge to* a juryman."

The Register of Wills at a hearing on a petition for review of a will is both Judge and jury, and the strict rule of disqualification of jurymen should be applied to him.

The rule as to disqualification of jurymen in Delaware is very strict.

*State vs. Williams, 9 Houst., 508-525 ; Armstrong vs. Timmons 3 Harr., 342 ; Robinson vs Wilmington, 8 Houst., 409.*

A person related by blood or marriage to the ninth degree to a party is disqualified to sit as a juror.

*State vs. Williams, 9 Houst. 508-525.*

In *Armstrong vs. Timmons, 3 Harr., 342,* it was held :

A cousin of one of the parties was disqualified.

Also another juror whose wife was a cousin to one of the parties.

Also a juror who was a cousin to a party in interest, though not a party on the record.

In *Robinson vs. Wilmington (8 Houst., 409)* it was held that a tax payer of the city was disqualified to sit as juryman in suit against city.

Affinity always arises by the marriage of one of the parties so related. A husband is related by affinity to all the *consanguinei* of his wife, and vice versa, the wife to the husband's *consanguinei ;* for the husband and wife being considered one flesh, those who are related to the one by blood are related to the other by affinity.

*1 Bl. Com. 435 ( Christiana note 5).*

It seems that a statute was necessary to remove the disqualification of a taxable of the county as Judge in any cause involving liability of the trustees of the poor in such county to support any poor person.

*Rev. Code, Chap. 48. Sec. 19, p. 379.*

(Messers. Cullen and White replied, contending that the mere relationship of the Register of Wills to one of the heirs was not such an "interest" as was contemplated by the Constitution).

Lore, C. J.:—The Court are very clear in their judgment that under the constitutional provision Register Layton is dis-qualified to sit by reason of relationship and interest, and that the authority vests in the Orphans' Court to hear the petition for review.

(The Court thereupon made the following order):

" And now, to wit, this eighth day of April A. D. 1904, a motion having been made to the Court in behalf of John T. Jacobs, executor of Philip Richards, deceased, and Susan W. Davis, legatee and devisee under the last will and testament of said Philip Richards deceased, that the record and issue heretofore certified to in this Court, in the above stated cause, by Daniel J. Layton, Esquire, the Register of Wills for the said county of Sussex, be remanded to the said Register of Wills by the order of this Court; and it appearing to this Court by the affidavit of Susan W. Davis filed in this cause and by the admission in open court by counsel representing the petitioners in this cause and all of the heirs at law of the said Philip Richards deceased that the said Daniel J. Layton, said Register of Wills, is related by affinity within the fourth degree to Robert R. Layton, one of said petitioners in this cause, ( the said Robert R. Layton having intermarried with Rachel Layton the grand-niece of the said Daniel J. Layton, the said Register of Wills,) it is considered, adjudged and decreed by this Court that the said Daniel J. Layton said Register of Wills is, under the Constitution and laws of this State, by reason of such interest and relationship, disqualified to take or have cognizance of the said petition for the review of the probate of the said last will and testament of said Philip Richards deceased, mentioned in said record so certified by the said Register of Wills as aforesaid, and that said record and issue be forthwith remanded to the said Daniel J. Layton, the said Register of Wills."